IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :  **CRIMINAL NO. 1:CR-06-080-01**

**v.**  :

**MARK CASTELLO**  :

# M E M O R A N D U M

Defendant has been charged with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 371, 1341, and 1343.  He has moved to compel production of various statements, documents, and other evidence, which the Government maintains has been provided or will be provided as soon as the Government obtains it.  Defendant has also moved to dismiss the criminal complaint against him, asserting violations of his constitutional and statutory rights to a speedy trial, and moved to suppress statements made in December 2004 during custodial interrogations, as well as documents seized during searches by Canadian officials in Canada.  The Government maintains that there are no speedy trial violations here, because Defendant has caused any relevant delays.  Moreover, the Government opposes the motion to suppress, arguing that Defendant knowingly and voluntarily waived his *Miranda*[1] rights before making the December 2004 statements, and that Defendant, a non-resident alien, has no Fourth Amendment rights in connection with a search and seizure that took place outside the United States.

---

[1]  *Miranda v. Arizona*, 384 U.S. 436 (1966).

For the reasons that follow, the court deems Defendant's motion to compel moot. The court will deny Defendant's motions to dismiss and to suppress in part, and defer judgment in part, pending further briefing.

I.        **Background**

On December 3, 2004, Defendant Mark Castello attempted to enter the United States at the Rainbow Bridge in Niagara Falls, New York. Border officials detained Defendant after finding a small amount of marijuana on him. Following subsequent interrogations by law enforcement officials, the United States filed a criminal complaint against Defendant in the Western District of New York, on December 7, 2004. Defendant was arrested in that district on December 8, 2004, and United States Magistrate Judge H. Kenneth Schroeder ordered Defendant detained on the complaint on December 14, 2004. On June 21, 2005, an indictment was filed in the Western District of New York charging Defendant with fraud, wire fraud, and transportation of stolen securities, violations of 18 U.S.C. §§ 1341, 1343, and 2314. That case remains pending in the Western District of New York.

On December 10, 2004, the United States filed a criminal complaint against Defendant in the Middle District of Pennsylvania, on similar charges, conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 371, 1341, and 1343. A warrant was issued in conjunction with the complaint. It was never served, but lodged as a detainer against Defendant at the Buffalo Federal Detention Facility, where Defendant was detained on the Western District of New York charges.

Defendant was indicted in the Middle District of Pennsylvania on February 22, 2006.  Another arrest warrant was issued in conjunction with that indictment.  Defendant was served with that warrant on May 9, 2006.  On May 16, 2006, Defendant entered his initial appearance before this court, when he was arraigned.

On June 5, 2006 Defendant filed a motion seeking a time extension in order to file pre-trial motions, which the court granted.  On July 20, 2006, Defendant requested another extension of time to file pre-trial motions, which the court granted.  On August 22, 2006, Defendant filed the instant pre-trial motions to compel discovery, suppress statements and other evidence, and to dismiss (Doc. 51), and requested another time extension to file supporting briefs.  The court granted Defendant's request and extended the trial date and jury selection to December 4, 2006.  (*See* Doc. 52.)  Each of the court's orders granting time extensions excluded the delays from speedy trial calculations, because the ends of justice outweighed the interests of the public and Defendant to a speedy trial.

On September 11, 2006, Defendant filed briefs in support of his motions to compel evidence and to dismiss (Docs. 54 and 55).  The Government filed a brief opposing both motions on September 21, 2006 (Doc. 56).  On September 25, 2006, Defendant filed a brief in support of his motion to suppress (Doc. 57).  The Government filed its brief in opposition on October 10, 2006 (Doc. 58).  No reply briefs were filed.

The court held a hearing on all three of the pre-trial motions on October 31, 2006.  At the hearing, the court determined that supplemental briefs were

required to address some of the issues raised by the Defendant.  However, a number of the issues are ripe for disposition.

**II.**         **Discussion**

    **A.**   **Motion to Compel**

        At the hearing on October 31, 2006, the parties agreed that all of the information sought has been provided or would be provided to Defendant within a couple of days following the hearing, or as soon as the Government obtains the information.  Specifically, the Government expected to obtain, within the day or two following the October 31, 2006 hearing, tapes of Defendant's telephone conversations from prison and reports of interviews and one audio recording of victims named in the New York and Pennsylvania indictments, which would then be provided to Defendant.  Raw footage from a United States television show where Defendant discussed his businesses had already been provided to defense counsel by the time of the hearing.

        Defendant also requested thirty-six boxes of information obtained in a Canadian search, as well as any related warrants or documentation.  Counsel for the Government indicated that she had just obtained the warrants and related information, copies of which she would provide to Defendant following the hearing. The Government also intends to provide copies of any evidence obtained in the Canadian search as soon as it obtains it through the Mutual Legal Assistance Treaty (MLAT) approval process.  In addition, the Government indicated that if it obtains copies of any statements by Defendant's Canadian employees, which it may also seek through the MLAT process, it will also provide those to Defendant.

Because all of the information sought has been provided, or will be provided as soon as the Government obtains it, Defendant's motion to compel appears to be moot.[2]

### B. Motion to Dismiss

Defendant's motion to dismiss advanced arguments pertaining to the Speedy Trial Act and the Sixth Amendment rights to a speedy trial. At the October 31, 2006 hearing, Defendant conceded that there was no violation of Defendant's right to a speedy trial under the Speedy Trial Act because the language of the Act establishes that the arraignment date, May 16, 2006, is the date that triggers speedy trial calculations here. Accordingly, the court will deny Defendant's motion to dismiss with respect to the Speedy Trial Act.

With respect to the issue of whether Defendant's Sixth Amendment rights were violated, Defendant's counsel indicated at the October 31, 2006 hearing that he wished to supplement his prior arguments following his receipt and review of the additional discovery materials. In addition, the court recognizes that Defendant may wish to supplement his prior brief with more detailed argument regarding the relevance of the September 13, 2003, Report, Recommendation and Order of Magistrate Judge Schroeder in the Western District of New York. *See United States v. Benatta*, No. 01-CR-247E, 2003 WL 22202371 (W.D.N.Y. Sept. 12, 2003). Therefore, the court will defer disposition of the portion of the motion to dismiss based on constitutional speedy trial issues pending briefing of Defendant's supplemental arguments.

---

[2] If Defendant encounters any difficulty obtaining the materials that the Government intends to provide in the future, the court will allow Defendant to renew its requests for appropriate relief at that time.

### C.   <u>Motion to Suppress</u>

Defendant sought to suppress statements that he made during interrogations that took place on December 3 and 8, 2004, as well as the boxes of documents seized by Canadian officials.  However, at the October 31, 2006 hearing, Defendant conceded that he had understood and waived his *Miranda* rights and voluntarily participated in the interrogations on December 3 and 8, 2004. Accordingly, the court will deny Defendant's motion to suppress with respect to those statements.

As for the documents seized in Canada by Canadian officials, the court agrees with the Government that the Fourth Amendment[3] does not apply to a search of property that is owned by a non-resident alien and located in a foreign country. *United States v. Verdugo-Urquidez*, 494 U.S. 259 (1990).  However, during oral argument Defendant's counsel indicated that, pending review of the Canadian warrant and other documentation authorizing the search, he might want to make a "fruit of the poisonous tree" argument if it appears that any of the information that supported the warrant was obtained illegally in the United States.  Therefore, the court will permit Defendant to file a brief supplementing his motion to suppress with respect to the issue of whether the Canadian warrant relied upon information illegally obtained in the United States, and, if so, what the legal consequences may

---

[3]  The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures and provides that "no warrant shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. Amend. 4.

be, as well as whether and how they differ from those established by *Verdugo-Urquidez*.[4]

## III.          Conclusion

For the foregoing reasons, the court will deem Defendant's motion to compel to be moot.  The court will deny Defendant's motion to dismiss in part, with respect to the Speedy Trial Act issues, and defer judgment in part, pending supplemental briefing of Defendant's Sixth Amendment arguments.  The court will also deny Defendant's motion to suppress in part, with respect to statements made by Defendant on December 3 and 8, 2004.  The court will defer judgment on the portion of the motion to suppress that deals with the documents seized in the Canadian search, pending additional briefing.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  November 1, 2006.

---

[4]  In this regard, the court notes that the Supreme Court declined to apply the Fourth Amendment to a warrantless search in *Verdugo-Urquidez* even where the searches were conducted by or at the request of American officials, because the victim of the search was a non-resident alien.  *See id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**   :        **CRIMINAL NO. 1:CR-06-080-01**
                               :
          **v.**               :
                               :
**MARK CASTELLO**              :

# O R D E R

In accordance with the foregoing memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendant's motion to compel is **deemed MOOT**.

2) Defendant's motion to dismiss is **DENIED in part**:

a) The motion to dismiss is **DENIED** with respect to The Speedy Trial Act issues; and

b) Disposition of the motion to dismiss with respect to Sixth Amendment speedy trial issues is deferred pending further briefing.

3) Defendant's motion to suppress is **DENIED in part:**

a) The motion to suppress is **DENIED** with respect to statements made by Defendant on December 3 and 8, 2004; and

b) Disposition of the motion to suppress with respect to documents seized by Canadian officials in Canada is deferred pending further briefing.

4) Defendant shall file supplemental briefs addressing his additional Sixth Amendment speedy trial arguments and arguments pertaining to the

suppression of documents seized by Canadian officials in Canada no later than November 14, 2006.  Subsequent opposition and reply briefs shall comply with the Local Rules.

5) The court specifically finds under 18 U.S.C. § 3161(h)(8)(A) that the ends of justice served by granting the request for additional briefing outweigh the interests of the public and the defendant to a speedy trial.

6) The Clerk of Court shall exclude the appropriate time in the captioned action pursuant to the Speedy Trial Act and this order.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  November 1, 2006.